**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICK M. MORON, an individual, and MAURICIO MORON-GONZALEZ, an individual,<br><br>                                  Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company, and DOES 1 to 10, inclusive,<br><br>                                  Defendants. | Case No.:  3:25-cv-02458-H-BLM<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>[Doc. No. 19.] |

On December 19, 2025, Plaintiffs Erick M. Moron and Mauricio Moron-Gonzalez ("Plaintiffs") filed a motion for attorneys' fees.  (Doc. No. 19.)  On December 30, 2025, Defendant General Motors ("GM") filed a response in opposition to Plaintiffs' motion. (Doc. No. 20.)  On February 2, 2026, Plaintiffs filed a reply.  (Doc. No. 26.)  On February 3, 2026, the Court took the matter under submission.  (Doc. No. 27.)  For the reasons below, the Court grants in part Plaintiffs' motion for attorneys' fees.

## Background

On August 14, 2025, Plaintiffs filed a complaint in the Superior Court of California, County of San Diego against Defendant, alleging causes of action for: (1) violation of Civil Code § 1793.2(d); (2) violation of Civil Code § 1793.2(b); (3) violation of Civil Code §

1793.2(a)(3); (4) breach of the implied warranty of merchantability in violation of Civil Code § 1791.1 and § 1794; and (5) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301-2312.  (Id. ¶¶ 8-44.)

On September 17, 2025, Defendant filed an answer to Plaintiffs' complaint.  (Doc. No. 1-3, Answer.)  Subsequently, on September 18, 2025, Defendant timely removed the action to United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(a) and 1446(b) on the basis of diversity jurisdiction.  (Doc. No. 1, Notice of Removal.)  On October 10, 2025, Plaintiffs filed a motion to remand.  (Doc. No. 8.)  On November 21, 2025, the Court denied Plaintiffs' motion.  (Doc. No. 16.)

On October 29, 2025, following a neutral evaluation conference, the parties partially settled except as to attorneys' fees and costs.  (Doc. No. 10.)  On December 12, 2025, after weeks of discussion regarding attorneys' fees and costs without resolution, the Court ordered Plaintiffs to file a motion for attorneys' fees, costs, and expenses.  (Doc. No. 18.)  On December 17, 2025, the parties partially resolved this matter via Defendant's Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68 ("Rule 68 Offer").  (Doc. No. 19-6.)  In the Rule 68 Offer, the parties agreed "Plaintiffs' attorney's fees, expenses and costs that have been reasonably incurred pursuant to California Civil Code § 1794(d) may be determined by the Court via noticed motion. For purposes of any such motion, GM will agree that Plaintiffs are the prevailing party."  (Doc. No. 19 at 5; Doc. No. 19-6 ¶ 4, Rule 68 Offer; Doc. No. 20 at 2.)

By the present motion, Plaintiffs move for attorneys' fees, costs, and expenses pursuant to Civil Code § 1794(d) of the Song-Beverly Consumer Warranty Act.  (Doc. No. 19 at 2, 18.)  Specifically, Plaintiffs request that the Court award attorneys' fees in the amount of $27,337.50[1] plus a lodestar multiplier of .2 in the amount of $4,922.50.  (Id. at 1-2, 18.)  See Fed. R. Civ. P. 54(d)(2)(B)(iii) (requiring that any motion for attorney's fees

---

[1] Plaintiffs request attorneys' fees in the amount of $24,612.50 with anticipated time of $2,725.00. (Doc. No. 19 at 18.)

must "state the amount sought or provide a fair estimate of it").  Plaintiffs also move this Court for reimbursement of verifiable costs and expenses in the amount of $507.39, totaling $32,767.39.  (Doc. No. 19 at 1-2; Doc. No. 26 at 11.)

<u>**Discussion**</u>

## I.      Legal Standard

Because Defendant removed this action under diversity jurisdiction, "the law of the state in which the district court sits determines whether a party is entitled to attorney fees," but "the procedure for requesting an award of attorney fees is governed by federal law."  <u>Carnes v. Zamani</u>, 488 F.3d 1057, 1059 (9th Cir. 2007) (emphasis added) (citation omitted).  Thus, California law is determinative "not only [of] the right to fees, but also in the method of calculating the fees."  <u>Mangold v. Cal. Pub. Utilities Comm'n</u>, 67 F.3d 1470, 1478 (9th Cir. 1995) (alteration in original) (citations omitted).

Under California Civil Code § 1794, the "prevailing buyer" in a Song-Beverly action "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees."  Cal. Civ. Code § 1794(d).  The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."  <u>Welch v. Metro. Life Ins. Co.</u>, 480 F. 3d 942, 945 (9th Cir. 2007).  The burden is on the party seeking fees to establish their reasonableness.  <u>Id.</u> at 945-46 (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983)).

In determining a reasonable hourly rate, the district court should consider: (1) the experience, reputation, and ability of the attorney; (2) the outcome of the proceedings; (3) customary fees; and (4) the novelty or difficulty of the question presented.  <u>Hiken v. Dep't of Def.</u>, 836 F. 3d 1037, 1044 (9th Cir. 2016) (citing <u>Chalmers v. City of L.A.</u>, 796 F.2d 1205, 1211 (9th Cir. 1986)).  Additionally, district courts may "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees."  <u>Ingram v. Oroudjian</u>, 647 F. 3d 925, 928 (9th Cir. 2011).

3:25-cv-02458-H-BLM

District courts have broad "discretion in determining the amount of a fee award ... in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." Hensley, 461 U.S. at 437. The "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" Ingram, 647 F.3d at 926 (quoting Hensley, 461 U.S. at 434). If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods: the court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut." Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013).

## II.    Analysis

The parties do not dispute that Plaintiffs are entitled to attorneys' fees under § 1794(d) as the prevailing parties in this action. Rather, at issue is whether Plaintiffs' request for $27,337.50 in attorneys' fees plus a lodestar multiplier of .2 in the amount of $4,922.50 is reasonable. Defendants do not oppose Plaintiffs' request for costs in the amount of $507.39. (Doc. No. 19 at 18; Doc. No. 20 at 1, 12.)

### A.    Reasonable Rates

The first step in calculating the lodestar is determining the reasonable hourly rate. In determining a reasonable rate for attorneys' fees, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). "The relevant community is that in which the district court sits." Carr v. Tadin, Inc., 51 F. Supp. 3d 970, 978 (S.D. Cal. 2014) (quoting Weeks v. Kellogg Co., 2013 WL 6531177, at *32 (C.D. Cal. Nov. 23, 2013)). "Once the fee applicant has proffered such evidence" of the prevailing market rate in the community, "the opposing party must produce its own affidavits or other evidence to rebut the proposed rate." Nguyen v. BMW of N. Am., LLC, 2023 WL 173921, at *2 (S.D. Cal. Jan. 12, 2023) (quoting Cortes v. Metro. Life Ins. Co., 380 F. Supp. 2d 1125, 1129 (C.D. Cal.

3:25-cv-02458-H-BLM

2005)).

Plaintiffs contend that the following hourly rates for their attorneys are reasonable: (1) $545 for Stephanie Pengilley (10 years of practice); (2) $525 for Michelle Yang (7 years of practice); (3) $450 for Andrea Plata (3 years of practice); and (4) $545 for John Myers (8 years of practice). (Doc. No. 19-1, Pengilley Decl. ¶¶ 4-5, 7-8; Doc. No. 19 at 11-13.) Plaintiffs also contend that the hourly rate of $125 is reasonable for paralegals, legal assistants, and case managers. (Id. at 11, 14; Doc. No. 19-1, Pengilley Decl. ¶ 13.)

Defendant contends that Plaintiffs' counsel's requested rates "are excessive and unsupported." (Doc. No. 20 at 6.) Defendant asserts that the rates are far too high for "relatively junior attorneys with minimal trial and appellate backgrounds" and "a largely routine lemon law case". (Id. at 7-8.) Defendant notes "the highest biller, Christine Haw, is not mentioned in Plaintiffs' declaration". (Id. at 7.) Defendant requests that the Court award a rate of $250 per hour for all attorneys. (Id. at 9.)

In support of Plaintiffs' motion, Stephanie Pengilley submits a declaration citing several cases in which hourly rates comparable to those requested here were awarded to that specific attorney or to an attorney of similar experience in the Central and Southern Districts of California. (Doc. No. 19-1, Pengilley Decl. ¶¶ 4, 6, 8, 9, 12, 13.) See e.g., Zamora v. BMW of North America LLC, 2023 WL 8896264, at *7 (C.D. Cal. July 28, 2023) (concluding hourly billing rates of $565 for Sephanie Pengilley and $545 for John Myers were reasonable). Pengilley's declaration also attests that Michelle Yang, founding partner of Prestige Legal Solutions, P.C. ("PLS"), "considered factors such as experience as a litigator, years as a practicing attorney, the skills and knowledge acquired over those years, and the rates reasonably charged by other attorneys in the area" when setting the hourly rates of all attorneys at PLS. (Doc. No. 19-1, Pengilley Decl. ¶ 6.)

Based on Pengilley's declaration, the requested rates for Stephanie Pengilley, Michelle Yang, and John Myers are reasonable. These rates are also comparable to those awarded to different counsel in other recent Southern District of California "lemon law" cases. See Garcia v. Ford Motor Co., 2023 WL 3961090, at *4 (S.D. Cal. June 12,

3:25-cv-02458-H-BLM

2023) (upholding attorney rates ranging "between $475 and $605 per hour"); Scherer v. FCA US, LLC, 2022 WL 22902332, at *7 (S.D. Cal. Oct. 24, 2022) (finding rates from $410-$550 per hour were "supported by evidence and [were] reasonable"); Bendavid v. Kia Am., Inc., 2023 WL 6063442, at *3–4 (S.D. Cal. Mar. 7, 2023) (concluding that requested rates of $410-$550 per hour were reasonable in light of orders from comparable cases reflecting approval of similar rates).

### i.    Christine Haw

The Court agrees with Defendant that the hourly rate of $625 for Christine Haw is too high.  Plaintiffs do not include or provide any support for Christine Haw's billing rate in their motion or supporting declaration.  (See Doc. Nos. 19, 19-1.)  Further, the submitted bill contains only two entries for Haw, one of which was "not charged".  (Doc. No. 19-2 at 4.)  The charged entry is for 0.3 hours for "review[ing] and revis[ing] fee invoice and provid[ing] direction to S.P. re same."  (Id.)  Based on the lack of support for Christine Haw in Plaintiffs' motion declaration, the Court concludes that the requested rate is unreasonable and declines to include Haw's single entry in the attorneys' fee calculation.

### ii.    Andrea Plata

The Court also agrees with Defendant that the rate charged for Andrea Plata, an attorney with three years of experience, is too high.  The Court observes that the cases Plaintiffs cite in support of the reasonableness of the $450.00 hourly rate primarily involve attorneys with more experience and skill than Plata.  (See Doc. No. 19-1 at 4.)  For example, Plaintiffs cite to Zargarian v. BMW of N. Am., LLC, where an attorney with 10 years of experience was awarded a $435.00 hourly rate and an attorney with 13 years of experience was awarded a $445.00 hourly rate.  442 F. Supp. 3d 1216, 1226 (C.D. Cal. 2020); see also Zomorodian v. BMW, 2019 WL 6534513 (C.D. Cal. July 23, 2019) (granting an hourly rate of $435.00 for an attorney with 10 years of experience and $410.00 for attorneys with 9 years of experience).

The Court adjusts the hourly rate for Andrea Plata to $250.00.  In making this determination, the Court considers rates awarded to attorneys with similar years of

3:25-cv-02458-H-BLM

experience in other recent Southern District of California "lemon law" cases.  See Cabrera v. Ford Motor Co., 2025 WL 2462442, at *6 (S.D. Cal. Aug. 26, 2025) (upholding as reasonable rates of $250/hour–$325/hour for associates); Hellenberg v. Ford Motor Co., 2020 WL 1820126, at *2–3 (S.D. Cal. April 10, 2020) (same).

### B.    Hours Reasonably Expended

Plaintiffs request $24,612.50 in attorneys' fees for pre-litigation efforts and actual time billed.  (Doc. No. 19 at 8-11, 13.)  Plaintiffs claim their attorneys spent a total of 30.1 hours litigating this case, with an additional 5 hours anticipated for replying to Defendant's opposition to the instant motion and to attend the hearing.  (Id. at 1-2, 13.)  Defendant contends that Plaintiffs' hours should be reduced to 7.4 hours of attorney time and 0.4 hours of support staff time because Plaintiffs charged an "excessive" amount for routine work.  (Id. at 5, 9-10, 12.)  Defendant further asserts that Plaintiffs should not be able to recover any pre-litigation fees due to "block billing" and use of a "flat fee".  (Doc. No. 20 at 3.)

The submitted bill contains an appropriate level of detail to permit the Court to conduct a meaningful review for reasonableness.  Attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended."  Hensley, 461 U.S. at 437 n.12.  Attorneys need only "keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed."  Id. at 441 (Burger, C.J., concurring); see also United Steelworkers of Am. v. Ret. Income Plan For Hourly—Rated Employees of ASARCO, Inc., 512 F.3d 555, 565 (9th Cir. 2008).

Defendant objects to Plaintiffs' hours on the basis that many of Plaintiffs' pleadings were "cop[ies] of hundreds of similar motions in Plaintiffs' other cases."  (Id. at 5.)  In particular, Defendant notes the time Plaintiffs billed to prepare their complaint and motion to remand.  (Id.)  The Court agrees with Plaintiffs that 0.9 hours is reasonable for preparing, revising, and editing a complaint.  (Doc. No. 19-2 at 1; Doc. No. 26 at 5.)  See Rahman v. FCA US LLC, 594 F. Supp. 3d 1199, 1205 (C.D. Cal. 2022) (finding that "drafting a boilerplate complaint should not take more than an hour").  Defendant also contends that

3:25-cv-02458-H-BLM

it was "problematic" for Plaintiffs' counsel to bill 2.9 hours to review Defendant's removal and draft a motion to remand.  (Doc. No. 20 at 5.)  The Court disagrees, concluding that the 2.9 hours billed by Plaintiffs' counsel for these tasks is not unreasonable, given that this time encompassed reviewing Defendant's 11-page removal, conducting legal research, and drafting a 22-page motion to remand.  (See Doc. Nos. 1, 8.)

### i.     Preparation of Fee Motion and Anticipated Time

Plaintiffs request 17.9 hours for drafting the present motion, reviewing the opposition, drafting the reply, and attending a hearing.  (Doc. No. 19-2 at 4-5; Doc. No. 26 at 10.)  Defendant contends that Plaintiffs' request is "excessive" and that Plaintiffs' fees for this motion should be rejected.  (Doc. No. 20 at 8.)

The Court need not determine whether the fees for preparing and defending motions for attorneys' fees are always recoverable.  Some courts permit the fees.  See Quinonez v. FCA US, LLC, 2022 WL 2007429, at *3 (N.D. Cal. June 6, 2022) ("Generally, a plaintiff is entitled to [reasonable] fees spent drafting and defending the fee motion.") (citation and internal quotation marks omitted).  In lemon law cases, however, courts often reduce the hours spent on motions for attorneys' fees due to the template, "boilerplate" nature of these motions and their accompanying documents.  See, e.g., Cabrera, 2025 WL 2462442, at *11 (reducing the hours spent on the fee motion from 9.2 hours to 5 hours); Ovesepyan v. Mercedes-Benz USA, LLC, 2023 WL 8586384, at *4 (C.D. Cal. Mar. 17, 2023) (finding no more than nine hours spent on the fee motion to be reasonable in light of "the straightforward and boilerplate nature of lemon law fee motions"); Saavedra v. Ford Motor Co., 2022 WL 16629951, at *3 (S.D. Cal. Sept. 16, 2022) (reducing the plaintiff's fees for time spent on the attorneys' motion to $1,250.00 because an attorneys' fees motion in a Song-Beverly action "is largely a template-driven activity").

In this case, the parties attempted to resolve the fee issue without a noticed motion but were unable to do so.  (See Doc. No. 18.)  As a result, the Court will award reasonable fees.  In comparison to the hours that courts have deemed reasonable for the same type of motion in other "lemon law" cases, the Court reduces Plaintiffs' counsel's time for drafting

3:25-cv-02458-H-BLM

the present Motion and its supporting documents by 7.9 hours to 10 hours. The Court also denies Plaintiffs' requested anticipated fees because the present motion was taken under submission.

Accordingly, the Court deems the 35.1 hours Plaintiffs billed, less 7.9 hours for the fee motion and 5 hours for the anticipated time,[2] to be reasonable.

### ii.    Pre-Litigation Efforts

As part of Plaintiffs' attorneys' fees request, counsel includes $7,000.00 in pre-litigation fees. (Doc. No. 19 at 8; Doc. No. 19-2 at 6.) Defendant objects to Plaintiffs' request due to the use of a "flat rate" and "block billing". (Doc. No. 20 at 2-3.)

"Block billing" is "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 945 n.2 (9th Cir. 2007) (citation omitted). Under California law, block billing is not objectionable "per se," but it "certainly does increase the risk that the trial court, in a reasonable exercise of its discretion, will discount a fee request." Farmers & Merchants Bank of Long Beach v. Willemsen, 2014 WL 12593981, at *3 (C.D. Cal. Sep. 4, 2014) (quoting Jaramillo v. Cnty. of Orange, 200 Cal. App. 4th 811, 830 (Cal. Ct. App. 2011)). "[B]lock billing only becomes an issue where there is a need to separate work that qualifies for compensation from work that does not." Jaramillo, 200 Cal. App. 4th at 830. Courts accordingly find block-billing unobjectionable where there is "no need to separate out covered from uncovered work." Id.; see also Lardizabal v. Am. Express Nat'l Bank, 2023 WL 8264435, at *8 (S.D. Cal. Nov. 29, 2023) (determining that block-billing was neither "egregious" nor "objectionable" where all the billing entries in question were related to the plaintiff's claims for which he was eligible to receive attorney's fees).

Here, Plaintiffs bill a flat rate for "all services rendered prior to the preparation of

---

[2] Stephanie Pengilley and John Myers are listed as the primary billers for the fee motion. As such, the reduction of 12.9 hours (7.9 + 5) will be calculated based on their hourly rates of $545 for a reduction of $7,030.50.

3:25-cv-02458-H-BLM

the pre-litigation letter required to seek civil penalties" and for "all services rendered relating to the preparation of the pre-litigation demand letter required by the Song-Beverly Consumer Warranty Act". (Doc. No. 19-2 at 6.) Plaintiffs provide a high-level account of what these services entail including, but not limited to: "attorney review of client's repair orders, purchase contract, current registration, vehicle payment information, and incidental damages; the preparation of the Attorney-Client Retainer Agreement; computation of client's actual damages;" "analysis of any offers or responses made by the manufacturer; drafting of the pre-litigation demand letter, compiling all necessary documents for the demand letter, and calendaring any deadlines associated with the pre-ligation stage required by the law." (Id.) The Court concludes that these entries do not contain any tasks that are ineligible for compensation, rendering block-billing unobjectionable. See also Signatures Network, Inc. v. Estefan, 2005 WL 151928, at *2 (N.D. Cal. Jan. 24, 2005) (finding "reasonable pre-litigation fees are compensable under both Ninth Circuit and California law"). Accordingly, the Court concludes the pre-litigation work was reasonably incurred.

### C.    Lodestar Modification

Plaintiffs argue for an upward modification of 0.2 to "adequately reflect the challenges faced throughout this litigation." (Doc. No. 19 at 17.) Plaintiffs contend that an enhancement is warranted because representation was undertaken on a contingency basis and the attorneys had to account for "recent changes to the Lemon Law, the potentially protracted nature of this case, and GM's history of gamesmanship in this area of law". (Id. at 16.) Defendant argues that a multiplier should not be allowed given that the matter is a "basic lemon law case" that posed no significant litigation risk. (Doc. No. 20 at 10.)

The Ninth Circuit has plainly stated that the lodestar amount is "presumptively the reasonable fee amount," and that a modification of the lodestar is appropriate only in "rare" and "exceptional" cases supported by both "specific evidence on the record and detailed findings ... that the lodestar amount is unreasonably low or unreasonably high." Van

Gerwen v. Guarantee Mut. Life Co., 214 F. 3d 1041, 1045 (9th Cir. 2000) (quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)).  Generally, courts consider the following factors when determining whether to enhance a lodestar: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award."  Ketchum v. Moses, 17 P.3d 735, 741 (2001).  Courts have also recognized that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee' and 'an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation.'"  Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 553 (2010) (quoting Pennsylvania, 478 U.S. at 566).

Here, the Court declines Plaintiffs' request to apply an upward multiplier of 0.2, given the routine nature of this case and the lack of novel or complex issues.  See Rahman, 594 F. Supp. 3d at 1207 (concluding that none of the factors "support[ed] an enhancement of the lodestar" in "a largely routine lemon law case that involved few procedural demands and the exercise of limited skill from lawyers who specialize in this practice area and generally rely upon boilerplate pleadings and work product").  The amount of time and skill required to properly resolve this litigation, counsel's success in resolving the matter, and the case's novelty or complexity are reflected in the number of billable hours recorded and the reasonable hourly rate.  The Court acknowledges the contingent nature of this case; nonetheless, "the [Song-Beverly Act] is a mandatory fee-shifting statute which 'eliminates any uncertainty about whether costs will be awarded to the prevailing party.'"  Id. (quoting Arias v. Ford Motor Co., 2020 WL 1940843, at *2 (C.D. Cal. Jan. 27, 2020)).  This case does not warrant the requested enhancement. The lodestar reflects the reasonable amount of attorneys' fees Plaintiffs should recover, and the Court denies the requested 0.2 multiplier enhancement.

///

///

## E.    Calculating the Lodestar

In sum, the Court calculates the lodestar amount as $17,639.50.[3]

### Conclusion

Based on the foregoing, the Court awards $17,639.50 in attorneys' fees and $507.39 in costs. The Court declines to award a lodestar multiplier in the amount of $4,922.50 or any other multiplier or additional amount. Plaintiffs' Motion for Attorneys' Fees is, therefore, granted in part. The Court orders Defendant to pay this fee award to Plaintiff's counsel within thirty (30) days of the date of this Order, unless otherwise agreed by the parties.

**IT IS SO ORDERED.**

DATED: February 9, 2026

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[3] $27,337.50 (initial requested amount) - $187.50 (Christine Haw's single entry) - $2,480.00 (Andrea Plata's adjusted rate) - $4,305.50 (excessive hours billed to fee motion) - $2,725.00 (anticipated time) = $17,639.50.
The above calculation reflects the reduction of Christine Haw's single billed entry of $187.50 and Andrea Plata's adjusted hourly rate from $450.00 to $250.00. Note, Andrea Plata billed a total of 12.4 hours. (See Doc. No. 19-2.) At Plaintiffs' proposed rate, Andrea Plata charged 12.4 hours * $450 = $5,580.00. At the adjusted rate, Andrea Plata will charge 12.4 hours * $250 = $3,100.00. Accordingly, the Court subtracts the difference ($5,580.00 – $3,100.00 = $2,480.00). Next, the Court reduces 7.9 hours * $545 = $4,305.50 to bring the hours billed for the preparation of the instant fee Motion to a reasonable rate. Lastly, the Court reduces 5 hours (anticipated time) * $454 = $2,725.00 for Plaintiffs' anticipated time because the present motion was taken under submission and no hearing was required.